UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLINTON C. BARLOW, III,<br><br>                      Plaintiff,<br><br>-against-<br><br>AFRICA CITIZEN CLED DORVIL, LLC;<br>U.S. IMMIGRATION DEPARTMENT;<br>REGINALD FERGUSON, E.K.R. REALTY<br>INC.; MERS INC. BUSINESS; LOAN<br>FUNDER LLC,<br><br>                      Defendants. | 24-CV-3648 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a resident of New Jersey, brings this *pro se* action under the Court's federal question jurisdiction and diversity of citizenship jurisdiction. Named as Defendants are New Jersey residents "Africa Citizen Cled Dorvil, LLC" and Reginald Ferguson, E.K.R. Realty Inc.; MERS Inc. Business in Flint, Michigan; Loan Funder LLC in Manhattan; and the United States Immigration and Customs Enforcement ("ICE"). Plaintiff alleges that Dorvil failed to pay him for tree and yard work that he performed, and he seeks to have Dorvil deported. (ECF 1 at 1-2.)

For the following reasons, the Court transfers this action under 28 U.S.C. § 1404 to the United States District Court for the District of New Jersey.

### DISCUSSION

**A.    Transfer Order**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that he did tree and yard work for Dorvil in New York, New Jersey, and Michigan for which he was not paid. Plaintiff alleges that he, Dorvil, and Ferguson are residents of New Jersey, that MERS Inc. Business is a resident of Michigan, and that Loan Funder LLC is a resident of New York.[1] Because not all Defendants reside in New York, this district is not a proper venue under Section 1391(b)(1).[2] Plaintiff claims that the alleged events giving rise to his claims occurred in New York, New Jersey, and Michigan, and thus venue could arguably be proper in any of those jurisdictions under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative

---

[1] The Court is unable to discern any clear allegations in the complaint against Ferguson, MERS Inc. Business, or Loan Funder LLC.

[2] Even though ICE can be considered to reside in this district, venue is nonetheless improper under section 1391(b)(1) because Plaintiff does not allege that all Defendants reside in the State of New York. *Susana v. Immig. & Customs Enf.*, No. 21-CV-9127, 2021 WL 5911053, at *3 (S.D.N.Y. Nov. 9, 2021).

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff does not reside in this district; a substantial part of the underlying events occurred in New Jersey, where most Defendants reside; and it is reasonable to expect that all relevant documents and witnesses also would be there. The District of New Jersey appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

**B.     Litigation History and Warning**

Plaintiff has a long history of engaging in vexatious litigation around the country. As one court observed: "The Federal Courts of the United States provide a vehicle for sincere people to bring credible cases in an attempt to resolve serious issues. Then there are the Clinton C. Barlows of the world who clog the judicial system with frivolous claims." *Barlow v. Wolfson*,

3

No. 22-CV-1152, 2022 WL 3443657, at *1 (C.D. Ill. June 29, 2022) (ordering Plaintiff to show cause why he should not be fined $7,500 and barred from filing new civil actions). Plaintiff is already subject to a filing injunction in New Jersey. *See Barlow v. Scott-Buzzi*, No. 00-CV-564 (D.N.J. March 27, 2001) ("Ordered that the plaintiff is permanently enjoined from filing any new civil actions in this Court without prior written approval of the Court").

Notwithstanding that bar order, Plaintiff has continued unabated. *See Barlow v. United States of Am. Corp.,* No. 22-CV-902, 2023 WL 1765470, at *2 (D. Del. Feb. 3, 2023) (dismissing complaint as frivolous and for failure to state a claim); *Barlow v. Syracuse Univ. Law School*, No. 17-CV-498, 2017 WL 3225488, at *2 (N.D.N.Y. June 14, 2017) (recommending dismissal of frivolous complaint and issuing warning, noting that Plaintiff was "attempting to circumvent" the New Jersey filing injunction), *adopted*, 2017 WL 3242261 (N.D.N.Y. July 28, 2017); *Barlow v. State of New Jersey*, No. 11-MC-198 (D.N.J. Nov. 7, 2011) ("Plaintiff has filed nearly forty civil actions in federal courts since the filing injunction was entered, mostly in jurisdictions other than the District of New Jersey.")

This Court will not tolerate the abuse of its limited resources. Plaintiff is warned that if he engages in frivolous litigation here, the Court will order him to show cause why he should not be barred from filing actions in this court IFP without prior permission. 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in this court.

If Plaintiff engages in frivolous litigation in this court, he will be ordered to show cause why a filing injunction should not be imposed. 28 U.S.C. § 1651.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 3, 2024
             New York, New York

                                             /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                         Chief United States District Judge